UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00011-H

WILLIAM SCHERZINGER,                                                    PLAINTIFF

V.

MARK BOLTON, ET. AL.,                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On June 20, 2013, the Court entered a Memorandum Opinion and Order (the "June Order") awarding summary judgment to Defendants, Officers McFarland and Burba, on several of Plaintiff's, William Scherzinger, claims related to an incident that occurred in the booking room of the Louisville/Jefferson County Metro Corrections facility.   Before the Court is Plaintiff's motion to alter, amend or vacate part of the June Order pursuant to Federal Rule of Civil Procedure 59(e).  For the following reasons, the Court will deny the motion.

In the June Order, the Court awarded summary judgment to Officer McFarland on, *inter alia*, Plaintiff's claims of wrongful arrest, wrongful imprisonment and malicious prosecution. Plaintiff generally alleged that following the incident, Officer McFarland lacked probable cause to file a Uniform Citation charging Plaintiff with Assault III.  The Court ruled that Officer McFarland did have probable cause to file the Uniform Citation, a finding that proved fatal to Plaintiff's claims of wrongful arrest, wrongful imprisonment and malicious prosecution.

Particular to this finding, the Court reasoned that although Officer McFarland was unsure of whether Officer Burba or Plaintiff had grabbed his face during the altercation, his commanding officer, Sgt. Goodlett, provided a reasonable basis for probable cause.  Sgt.

Goodlett reviewed a surveillance video of the incident and advised Officer McFarland that Plaintiff intentionally grabbed Officer McFarland's face. Sgt. Goodlett also recommended that Officer McFarland file the Uniform Citation. The Court found Officer McFarland reasonably believed his supervising commanding officer in that probable cause existed to file the charge against Plaintiff. Plaintiff now brings a Rule 59(e) motion challenging the Court's rulings as to the wrongful arrest, wrongful imprisonment and malicious prosecution claims, principally arguing that the Court based its decision on an incorrect recitation of the facts.

A party may challenge a judgment by timely filing a Rule 59(e) motion. Generally, district courts grant Rule 59(e) relief only in limited circumstances "if there is clear error of law, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Rule 59(e) motions permit the district court to correct its own errors, thus "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation omitted). Importantly, a Rule 59(e) motion "does not serve as an opportunity to re-argue a case" and is not a vehicle "to raise arguments which could, and should, have been made before judgment issued." *Trient Intern. Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005) (internal quotation and citation omitted).

Plaintiff argues that the Court erroneously stated, "At the time Officer McFarland signed the Uniform Citation, he reasonably believed that Plaintiff grabbed his face, and as such, probable cause was present." June Order, ECF No. 67 at 12. Additionally, Plaintiff takes issue with the Court finding that Sgt. Goodlett "unequivocally affirmed to Officer McFarland that Plaintiff had grabbed his face and strongly insisted that Officer McFarland file the Uniform Citation." *Id.* Though Plaintiff specifically cites these two objections to the June Order, he fails

to cite anything in the record to support his argument that the Court's characterization of these facts was manifestly wrong.  In fact, the record rebuts his challenges.  *See* Gootlett Deposition, ECF No. 37-11 at 16-17, 20, 31 (stating that he observed inmate Scherzinger intentionally grab Officer McFarland's face in the surveillance video of the incident), 23-27 (stating that he recommended and expected that Officer McFarland file a Uniform Citation against Plaintiff after viewing a surveillance video of the incident);  *see also* McFarland Deposition, ECF No. 37-8 at 78-79 (stating that he was unsure of who hit him during the incident, but that Sgt. Goodlett advised him that the inmate had struck him and that Sgt. Goodlett strongly recommended that he file charges against Plaintiff), 80-81 (stating that it may have been an act of insubordination if he chose to not file the Uniform Citation against Plaintiff despite Sgt. Goodlett's strong recommendation to do so).  Plaintiff has failed to demonstrate to the Court that it incorrectly recounted or relied upon key facts in its previous ruling, and accordingly, the Court finds no reason to alter, amend or vacate its June Order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff, William Scherzinger's motion to alter, amend or vacate this Court's June 20, 2013 Order is DENIED.

cc:     Counsel of Record